# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **THOMAS WILLARD CRAWFORD, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00776 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HARRISONBURG/ROCKINGHAM** | ) | By: James P. Jones |
| **REGIONAL JAIL, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Thomas Willard Crawford, Jr., Pro Se Plaintiff.*

The plaintiff, Thomas Willard Crawford, Jr., a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Crawford has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915. After review of the Complaint, I conclude that this action must be summarily dismissed.

Crawford's allegations are sparse. He has pre-existing respiratory issues (asthma, history of pneumonia, bronchitis, C.O.P.D.) and requests release due to the extreme possibility of contracting COVID-19. Compl. 2, ECF 1. In his § 1983 Complaint, Crawford sues the Harrisonburg/Rockingham County Jail, Commonwealth's Attorney Marsha Garst, and the "Harrisonburg Courts." *Id.* at 1. Crawford states that he has filed a grievance and the response he received was "that

jail is not responsible for a bond. Commonwealth Att. and Courts are." *Id.* As relief in this lawsuit, Crawford asks the court to grant him "a mercy Release on Grounds of Covid 19 vulnerability" and $1000 per day for his incarceration to compensate him for lost wages and anxiety. *Id.* at 2.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As an initial matter, Crawford cannot sue the jail itself. A local jail or office building cannot qualify as a *person* subject to being sued under § 1983. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alterations omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks

the capacity to be sued as a jail." I will dismiss Crawford's claims against the jail without prejudice, pursuant to § 1997e(c)(1), for failure to state a claim.

Crawford also cannot sue the courts under § 1983 seeking early release. "It is well settled that a state court is not a 'person' subject to suit under § 1983. *Bradley v. Virginia*, No. 7:19CV00253, 2019 WL 1460921, at *2 (W.D. Va. Apr. 2, 2019). Therefore, Crawford cannot proceed under § 1983 against the Harrisonburg courts for monetary damages.

I also find that Crawford has no claim for monetary damages against the prosecutor for failing to move for Crawford's early release because he is allegedly in danger of contracting COVID-19. Prosecutors are immune from suit where a plaintiff seeks damages under § 1983 for actions or inactions of the attorney related to his or her prosecution of the plaintiff. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

A prosecutor's decision regarding whether a particular detainee is so vulnerable to COVID-19 that he should be released from incarceration despite ongoing criminal proceedings against him is clearly part of her advocative function for the Commonwealth of Virginia. Accordingly, I will dismiss Crawford's claims for damages against the prosecutor because she enjoys immunity from such claims.

Finally, Crawford cannot use a § 1983 action to seek early release from detention on his criminal charges. When a petitioner wishes to challenge the "fact

or duration" of confinement and seek relief in the form of immediate release, he must do so in a habeas corpus proceeding, not a civil rights action under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In conclusion, Crawford's § 1983 claims for damages cannot proceed against the only defendants he has named — the jail, the Commonwealth's Attorney, and the state courts, and his claim for early release cannot proceed in a § 1983 action. Therefore, I will summarily dismiss the action under 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief could be granted under § 1983. An appropriate order will enter this day.

DATED: July 2, 2021

/s/ JAMES P. JONES
United States District Judge